■ In the Matter of JAMES GORMLEY, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— The New York City Transit Authority dismissed petitioner from his position on a finding that he was guilty of the two charges made against him, namely: (a) loafing while on duty on July 2, 1957, and (b) absenting himself from work without permission for a period of some 14 months beginning July 2, 1957. On November 18, 1963 this court annulled on the law the Transit Authority's determination dismissing the petitioner and directed his reinstatement (19 A D 2d 897). We held, in effect, that the Transit Authority was bound by the decision of the Workmen's Compensation Board declaring that the petitioner was unable to work during such 14-month period and awarding him workmen's compensation based on his disability for that period. It appears that during the course of his employment on July 2, 1957 the petitioner had accidentally sustained a spinal injury. Thereafter, on January 14, 1965 the Court of Appeals reversed this court's order and reinstated the Transit Authority's determination, holding that such determination is supported by substantial evidence and "was not nullified or adversely affected by the award made by the Workmen's Compensation Board" (15 N Y 2d 744, 746). On February 11, 1965 the Court of Appeals amended its remittitur by directing that the proceeding be remitted to this court "to pass upon the question of the excessiveness of the penalty [of dismissal] imposed by the Transit Authority" (15 N Y 2d 847). Pursuant to such amended remittitur, this court has reviewed the facts and has concluded that the penalty of dismissal is excessive. The facts in this proceeding are unlike the facts in the three other proceedings decided herewith by this court, in which the penalty of dismissal was sustained (*Matter of Halenor* v. *O'Grady*, 23 A D 2d 966; *Matter of Montefusco* v. *O'Grady*, 23 A D 2d 966; *Matter of Savoca* v. *O'Grady*, 23 A D 2d 966). In each of these other proceedings the employee was proved guilty of having engaged in book-making activities while on duty; and it appeared that such activities were part of a larger gambling operation in the City of New York. Moral turpitude was directly involved; the maintenance of discipline and the efficiency of the entire working force were at stake. The extreme measure of punishment was necessary as a deterrent to other employees in an effort to eradicate the pernicious

evil of gambling and its demoralizing effect. In this proceeding, however, there is no element of moral turpitude involved. Essentially all we have here is an honest difference of opinion between petitioner and the Transit Authority: (a) as to whether the petitioner's physical disability was due to his spinal injury on July 2, 1957; and (b) as to whether such disability justified his absence from duty during the 14-month period. Petitioner's opinion was supported by the decision and the award of the Workmen's Compensation Board. True, the Court of Appeals has now held that the board's decision and award are not controlling upon the Transit Authority, and that the efficacy of the Transit Authority's decision may not be impaired by the board's earlier inconsistent decision. Nevertheless the *bona fides* of petitioner's actions is not contradicted or assailed even though the Authority found cause to differ with him. Under the circumstances, we believe that in this instance the extreme penalty of dismissal is excessive and that a period of suspension from January 22, 1959 to the date of this decision would be adequate. Accordingly, the determination of the Transit Authority is modified on the facts and in the exercise of discretion as follows: (1) by striking out the penalty of dismissal which was effective as of the close of business on January 21, 1959; (2) by substituting therefor a period of suspension beginning January 22, 1959 and ending May 17, 1965 [the date of this decision]; and (3) by adding a provision directing petitioner's reinstatement as of May 18, 1965. As so modified the determination is confirmed. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.